## J. C. McNEIL v. THE STATE.

### *No. 6986. Decided June 25.*

1. **Jurisdiction of the Mayor's Court of the City of Waco.**—Section 21 of the charter of the city of Waco, enacted February 19, 1889, vests authority in the city council "to regulate the carrying of weapons, and to prevent the carrying of the same concealed." The same section provides that "the city council shall have power to pass, publish, amend, or repeal all ordinances, rules, and police regulations not contrary to the Constitution of the State; * * * and to punish violations thereof by fines, penalties, imprisonment, etc.; * * * but no fine or penalty shall exceed $100, nor the imprisonment more than fifteen days for any offense, unless a larger fine and longer imprisonment is herein allowed." The charter further provides in the same section that "When there is an ordinance of the city of Waco in force punishing this or any other misdemeanor with as great a penalty as the same is punished by the statute of the State, the Police Court of the city of Waco shall have jurisdiction of such misdemeanor when committed in the corporate limits of the city of Waco." Under these provisions of the charter the city council of Waco, on November 21, 1889, passed an ordinance which is a literal re-enactment of the State law upon the subject of illegally carrying arms, and affixing the same penalty, i. e., fine not less than $25 nor more than $200, or by imprisonment not more than thirty days, or both such fine and imprisonment, etc. The defense contends upon the one hand that the said ordinance is valid under the qualifying clause, i. e., "unless a larger fine and longer imprisonment is herein allowed"—the offense being a misdemeanor punishable under the State law by a penalty in excess of that authorized by the charter. The State, upon the other hand, contends that the said ordinance is null and void, because in its enactment the council exceeded its authority and appended a punishment in excess of that authorized by the charter. *Held,* that the said qualifying clause of the city charter only confers jurisdiction upon the police court in misdemeanors where, at the *time of its enactment,* an ordinance was *in force* inflicting the same penalty as that inflicted by the statute. This being an ordinance of the city council subsequently enacted, it is null and void. See the opinion *in extenso* on the question.

2. **Former Conviction—Practice.**—To this prosecution in the County Court for unlawfully carrying a pistol the defendant pleaded his formal trial for the identical offense in the Mayor's Court and his acquittal therein. This plea was overruled and stricken out upon the ground that the Mayor's Court had no jurisdiction of the offense, the ordinance whereunder it exercised jurisdiction being null and void, for the reasons above stated. *Held,* that the ruling of the court was correct.

3. **Unlawfully Carrying a Pistol—Charge of the Court.**—See the statement of the case for a general charge of the court on a trial for unlawfully carrying a pistol *held* sufficient, and for exceptions thereto *held* not well taken.

APPEAL from the County Court of McLennan. Tried below before Hon. W. H. Jenkins, County Judge.

This conviction was for unlawfully carrying a pistol, and the penalty

assessed by the jury was a fine of $25. The questions determined on this appeal do not require a summary of the facts proved.

The charge of the court reads as follows:

"1. If any person in this State shall carry on or about his person any pistol he shall be punished by fine of not less than $25 nor more than $200, or by imprisonment in the county jail not less than ten nor more than thirty days, or both by such fine and imprisonment.

"2. If you believe from the evidence before you beyond a reasonable doubt that the defendant, J. C. McNeil, in McLennan County, Texas, on the 27th day of December, 1889, and within two years next before the filing of the indictment in this cause, on premises not his own, did have on his person a pistol as charged, then he would be guilty; and if you so find you will find him guilty as charged in the indictment, and assess his punishment at a fine not less than $25 nor more than $200, or by imprisonment in the county jail not less than ten nor more than thirty days, or by both such fine and imprisonment.

"3. If you should believe from the evidence beyond a reasonable doubt that defendant had on his person a pistol as charged, but you should further believe from the evidence that at the time he so had said pistol, if you do, that the defendant had reasonable ground for fearing an unlawful attack upon his person, and you further believe that the danger was so imminent and threatening as not to admit of the arrest of the person about to make such attack, upon legal process, then he would not be guilty, and you should so find. It is for you to determine from the evidence whether the fear of an unlawful attack was reasonable, and whether the danger was so imminent and threatening as not to admit of the arrest of the party about to make such attack, upon legal process."

The defendant's exceptions to the charge were confined to the second and third paragraphs, and read as follows: "Defendant, by counsel, excepted to the second paragraph of the charge of the court upon the ground that the same peremptorily, in effect, required the jury to find the defendant guilty if the evidence showed that he carried a pistol as charged on premises not his own, regardless of his defense of danger of unlawful attack upon his person, and in effect precluded the jury from inquiring into the evidence tending to show such danger."

"Defendant excepted to the third paragraph of the charge of the court, because the same is fundamentally erroneous in that it required, in effect, that defendant must cause the arrest of the parties making the threats or from whom he may have had reason to fear an unlawful attack upon his person, before he had the right to carry a pistol."

*Andrews & Lessing,* for the appellant.

*W. L. Davidson,* Assistant Attorney-General, for the State.

WHITE, PRESIDING JUDGE.—This appeal is from a judgment of conviction in the County Court finding appellant guilty of unlawfully carrying on or about his person a pistol.

When the case was called for trial in the lower court the defendant pleaded in bar of the prosecution a former trial and acquittal for the identical offense charged in the indictment, his said former trial and acquittal having been had according to due course of law before the Mayor's Court in the city of Waco, and for the violation of a city ordinance. No objection was made to the form or substance of said plea of former acquittal. It was overruled and stricken out by the court, upon the ground that the Mayor's Court of Waco had no jurisdiction to hear and determine said case, neither under the city charter nor Constitution and laws of the State; and that the pretended ordinance of the city council under which the mayor had acted in taking jurisdiction of and trying said case was null, void, and of no effect, it having been passed by the city council not only without authority of law but in contravention of a provision of the city charter, which expressly limited the extent to which the punishment imposed by the city ordinances could go; that in passing said ordinance the punishment named therein was in excess of what the charter authorized, and was therefore void.

The ordinance complained of is a literal *verbatim* re-enactment of our State statute law upon the subject of illegally carrying arms and affixing the punishment. Penal Code, arts. 318 and 319, as amended by the Acts of the Twenty-first Legislature, p. 33. The ordinance provides that the punishment for a violation of the same shall be "by fine of not less than $25 nor more than $200, or by imprisonment in the city calaboose not less than ten nor more than thirty days, or both by such fine and imprisonment; and during the time of such imprisonment such offender may be put to work upon any public work in the city."

Was this ordinance in violation of the charter provisions? Bearing upon the subject we find the following provisions contained in said charter, viz.:

1. On page 18 of section 21, relating to general powers, it is declared that the city council shall have power "to regulate the carrying of weapons, and to prevent the carrying of the same concealed."

2. On page 21, same section, it is provided that "the city council shall have power to pass, publish, amend, or repeal all ordinances, rules, and police regulations not contrary to the Constitution of this State;  *  *  * and to punish violations thereof by fines, penalties, and imprisonment in the prison, work house, or house of correction, etc.;  *  *  * but no fine or penalty shall exceed $100 nor the imprisonment more than fifteen days for any offense, *unless a larger fine and longer imprisonment is herein allowed.*" It is this provision which it is contended restricts and limits the punishment allowed to be inflicted by the city ordinances; and it is

this provision, it is also contended, which nullifies the ordinance with regard to unlawfully carrying arms.

3.    We find, however, on pages 22 and 23 of the charter, also included in section 21, this further provision, viz.: "And when there is an ordinance of the city of Waco in force punishing this or any other misdemeanor with as great a penalty as the same is punished by the statute of the State, the Police Court of the city of Waco shall have jurisdiction of such misdemeanors when committed in the corporate limits of the city of Waco."

It is insisted that in order to give this last provision proper effect, when construed in connection with the other provisions of the charter which we have quoted, its proper construction is that it enlarges the powers of the city council when passing ordinances with regard to all those misdemeanors punishable by State statute, and in such cases permits the ordinance to punish to the same extent as may be permitted by the State law. It is insisted that the words annexed to the provision limiting punishment, to-wit, "*unless a larger fine and longer imprisonment is herein allowed,*" qualifies the provision as to subsequent provisions wherein a larger fine and imprisonment may have been provided for.    This position is unquestionably sound, and would be applicable provided the charter had so declared as to any class of cases therein mentioned.    But the charter does not do this in terms.    The clause quoted above, in which the additional power is claimed to have been given, does not say that ordinances may be passed inflicting a punishment equal to that denounced by the statute. It only confers jurisdiction upon the police court in misdemeanors when an ordinance is *in force* inflicting the same penalty as does the statute. If it can at all be construed into giving such jurisdiction where the penalty to be imposed is greater than "one hundred dollars" or "imprisonment more than fifteen days," then, we think, it could only be fairly and legitimately held to mean such ordinances as were or may have been "*in force*" when the charter was adopted.    We think it would be a strained construction, in the face of the express limitation and the fact that no subsequent provision expressly enlarges the power, to hold by implication that this provision, couched in the uncertain language used, should confer authority in all misdemeanors by the mere passage of an ordinance similar to the State laws, thereby to confer jurisdiction of the same upon the Police Court, to the exclusion of the State courts.    Unless expressly allowed in the charter itself, we think no ordinance can be legally passed by the city council of Waco after or since the charter was adopted wherein the fine to be imposed was more than $100 or the imprisonment greater than fifteen days.    If the city ordinance had been "*in force*" when the charter was adopted there might have been some plausibility in the position and argument of learned counsel for appellant.    But as it is, the charter was adopted by the Legislature on the 19th of February, 1889, and the ordi-

nance in question was passed by the city council of Waco on the 21st day of November, 1889.

We are of opinion that the ordinance is void, because in excess of the authority conferred by the charter upon the city council.

The ordinance being void, the Police Court of Waco had no jurisdiction to try cases under it, and that court being without jurisdiction, the appellant's plea of former acquittal in said court was without merit and was not maintainable. The County Court, therefore, did not err in overruling and striking it out.

Special exceptions were reserved in behalf of the defendant to certain portions of the charge of the court to the jury, but no special or additional instructions were asked.

We are of opinion that the exceptions were not well taken, and that the criticisms upon the charge, when taken and considered as a whole, are not maintainable. It was a fair and sufficient exposition of the law of the case.

We have found no error for which the judgment in this case should be reversed, and it is therefore affirmed.

*Affirmed.*

Judges all present and concurring.